Our File No.: 9102/SHV
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
*Attorneys for Defendant*
61 Broadway, Suite 3000
New York, New York 10006
(212) 344-7042

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HANSA MEYER GLOBAL TRANSPORT
GmbH & Co., KG,

                              Plaintiff,

   -against-

INDEPENDENT CONTAINER LINE LTD;
ICL; EXACTA INTERNATIONAL INC.;
SWIFT TRANSPORTATION CO. INC.,

                             Defendants.

Civil Action No.:**08 cv 01028**

**EXACTA ANSWER**
**WITH CROSS-CLAIM**

       Defendant Exacta International Inc., (hereinafter collectively referred to as "Exacta"), by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, as and for its Answer to the Complaint allege upon information and belief as follows:

### FIRST CAUSE OF ACTION

1. Exacta admits that this is an admiralty and maritime claim within the meaning of FRCP 9(h); except as so specifically admitted, defendant denies knowledge an information at this time to respond to the remaining allegations set forth in paragraph first of plaintiff's complaint.

2. Denies knowledge and information sufficient to form a belief with regard to the allegations set forth in paragraph second of plaintiff's complaint.

3. Admits that Exacta is an entity licensed to do business in New York and maintains an office at 118-121 Queens Blvd., Forest Hills, NY 11375; except as so specifically admitted, defendant denies the remaining allegations set forth in paragraph third of plaintiff's complaint; further Exacta is not required to respond to allegations set forth against other defendants, and to the extent that said allegations are construed to impose liability on Exacta, those allegations are denied.

4. Admits that Exacta is a freight forwarder licensed by the United States Federal Maritime Commission and is further licensed to conduct business in New York; except as so specifically admitted, defendant denies the remaining allegations set forth in paragraph third of plaintiff's complaint; further Exacta is not required to respond to allegations set forth against other defendants, and to the extent that said allegations are construed to impose liability on Exacta, those allegations are denied.

5. Upon information and belief, Exacta admits that there was a shipping container (no. ICUU4963014) said to contain "siding and table tops" which was loaded and sealed (no. 0360) by Werzalit of America in Branford, PA for transport to Werzalit AG & Co. in Oberstenfeld, Germany aboard the INDEPENDNET PURSUIT v. 044 pursuant to booking no. 0044CA091360; except as so specifically admitted, defendant denies the remaining allegations set forth in paragraph fifth of plaintiff's complaint; further Exacta is not required to respond to allegations set forth against other defendants, and to the extent that said

allegations are construed to impose liability on Exacta, those allegations are denied.

6. Paragraph sixth is omitted in plaintiff's complaint.

7. Denies all allegations against Exacta set forth in paragraph seventh of plaintiff's complaint; further Exacta is not required to respond to allegations set forth against other defendants, and to the extent that said allegations are construed to impose liability on Exacta, those allegations are denied.

8. Denies all allegations against Exacta set forth in paragraph eighth of plaintiff's complaint; further Exacta is not required to respond to allegations set forth against other defendants, and to the extent that said allegations are construed to impose liability on Exacta, those allegations are denied.

9. Denies all allegations against Exacta set forth in paragraph ninth of plaintiff's complaint; further Exacta is not required to respond to allegations set forth against other defendants, and to the extent that said allegations are construed to impose liability on Exacta, those allegations are denied.

10. Denies knowledge and information sufficient to form a belief with regard to the allegations set forth in paragraph tenth of plaintiff's complaint.

## SECOND CAUSE OF ACTION

11. Exacta repeats, reiterates and realleges each and every denial, denial of information and belief and affirmative defense set forth in paragraphs 1-10 of its answer as though each were fully set forth herein at length.

12. Upon information and belief, Exacta admits that the cargo that is the subject of this action was picked-up on or about January 31, 2007 from the bill of lading

shipper in Branford, PA for transport to Chester, PA by co-defendant the trucker Swift Transportation Co., Inc. who was assigned by co-defendant Independent Container Line Ltd.; except as so specifically admitted, defendant denies the remaining allegations set forth in paragraph twelfth of plaintiff's complaint; further Exacta is not required to respond to allegations set forth against other defendants, and to the extent that said allegations are construed to impose liability on Exacta, those allegations are denied.

13. Denies knowledge and information sufficient to form a belief with regard to the allegations set forth in paragraph thirteenth of plaintiff's complaint; further Exacta is not required to respond to allegations set forth against other defendants, and to the extent that said allegations are construed to impose liability on Exacta, those allegations are denied.

14. Denies all allegations against Exacta set forth in paragraph fourteenth of plaintiff's complaint; further Exacta is not required to respond to allegations set forth against other defendants, and to the extent that said allegations are construed to impose liability on Exacta, those allegations are denied.

## **THIRD CAUSE OF ACTION**

15. Exacta repeats, reiterates and realleges each and every denial, denial of information and belief and affirmative defense set forth in paragraphs 1-14 as though each were fully set forth herein at length.

16. Denies all allegations against Exacta set forth in paragraph sixteenth of plaintiff's complaint; further Exacta is not required to respond to allegations set forth against

other defendants, and to the extent that said allegations are construed to impose liability on Exacta, those allegations are denied.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

17. That the said shipments as described in plaintiff's complaint are subject to all the terms, conditions and exceptions contained in certain bills of lading and Exacta's Terms of Service, by which the shippers and consignees of said bills of lading and terms of service agree to be and are bound.

18. Said shipments were to be transported on an ocean vessel as identified on the respective dock receipt with booking no. 0044CA091360 subject to the contractual terms and conditions of the aforesaid bills of lading.

19. Any shortage, loss and/or damage to the shipment in suit, which Exacta specifically denies, was due to causes for which Exacta is not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936, and/or Charter Act, and/or the provisions of the said bills of lading, and/or the General Maritime law and/or applicable foreign law.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. This suit is time-barred under the agreed provisions of the bill of lading, and under the provisions of the Carriage of Goods by Sea Act, specifically, 46 U.S.C. Section 1303 (6).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21. Plaintiff has failed to properly and fully mitigate the damages alleged in its complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22. That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act of omission of the shipper, for which Exacta is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2)(i), and by Exacta's terms of the service.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23. That plaintiff failed to state a cause of action against Exacta in its complaint upon which relief can be granted.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24. Upon information and belief, that the venue of this matter is improperly placed in this District pursuant to the forum selection clauses in the applicable bill of lading contracts.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25. That if the goods in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the plaintiff and/or its agents.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

26. That plaintiff has failed to name a necessary party.

## AS AND FOR A  NINTH AFFIRMATIVE DEFENSE

27. That if plaintiff suffered any loss or damage, which Exacta denies, then such loss or damage resulted from a cause arising without the actual fault and privity of Exacta and without the fault or neglect of the agents or servants or Exacta, and

Exacta is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(Q).

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

28. Plaintiff is not a real party in interest with regard to the shipment in suit.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

29. The complaint should be dismissed on the basis that plaintiff lacks standing.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

30. Plaintiff has suffered no loss or damage upon which it is entitled to recover.

### AS AND FOR THEIR CROSS-CLAIMS AGAINST DEFENDANTS INDEPENDENT CONTAINER LINES AND SWIFT TRANSPORTATION CO. DEFENDANT EXACTA ALLEGES AS FOLLOWS:

31. Exacta Repeats and realleges each and every allegation of the complaint and admission, denial and denial of knowledge or information contained in paragraphs 1-30 inclusive of this answer, with the same force and effect as if herein set forth at length.

32. If there was any loss or damage to the shipment referred to in the Complaint, which is denied, and said loss of damage caused any liability to Defendant Exacta, then the said liability was brought about by Co-Defendants Independent Container Line and/or Swift Transportation negligence and/or breach contract and/or breach of warranties, implied or expressed, and by reason thereof, Defendant Exacta is entitled to full indemnity and/or contribution from Co-Defendants Independent Container Line and/or Swift Transportation, for its loss and damage including reasonable counsel fees and expenses.

**WHEREFORE**, Defendant Exacta prays that the complaint against it be dismissed and its cross-claims be granted, and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
       March 4, 2008

                                        CICHANOWICZ, CALLAN, KEANE,
                                        VENGROW & TEXTOR, LLP
                                        61 Broadway, Suite 3000
                                        New York, New York 10006

                                        *Attorneys for Defendants*
                                        *Exacta International*

                                        By:    <u>S/ Stephen Vengrow</u>
                                                      Steven H. Vengrow (3479)

## CERTIFICATE OF SERVICE BY ECF AND US MAIL

The undersigned declares under penalty of perjury that the following is true and correct.

1. I am over the age of eighteen years and I am not a party to this action.

2. On March 4, 2008, I served the following by ECF and US Mail a true and complete copy of Exacta's response to plaintiff's complaint with cross claims to the following party at:

> David Mazaroli
> 11 Park Place, Suite 1214
> New York, New York 10007
> 212-267-8480
>
> Independent Container Lines
> 4801 Audobon Drive
> Richmond, VA
> Attention: John Gillies
>
> Swift Transportation Corporation
> 2200 South 75th Avenue
> Phoenix, Arizona 85043
> Phone: 602.269.9700

DATED:  New York, New York
        March 4, 2008

                                                                         s/ Jessica De Vivo
                                                          Jessica A. De Vivo (JAD6588)