Greory S. Katz (GK 6584)
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
Attorneys for Defendant, Swift Transportation Co. Inc.
150 East 42nd Street
New York, New York 10017
(212) 490-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HANSA MEYER GLOBAL TRANSPORT         08 CV 01028 (HB)
GmbH & Co. KG,
                    Plaintiff,              **ANSWER**

    -against-

INDEPENDENT CONTAINER LINE LTD; ICL;
EXACTA INTERNATIONAL INC.; SWIFT
TRANSPORTATION CO. INC.,
                    Defendants.
------------------------------------------------------------x

Defendant, Swift Transportation Co. Inc., (hereinafter "Swift"), by and through its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, as and for its Answer to Plaintiff, Hansa Meyer Global Transport GmbH & Co. KG's Complaint (hereinafter "Hansa") states the following upon information and belief:

### FIRST CAUSE OF ACTION

1. Swift denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of Plaintiff's Complaint, except admits that this is an admiralty and maritime claim within the meaning of FRCP 9(h).

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of Plaintiff's Complaint.

3. Swift denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of Plaintiff's Complaint, except admits that it is a

3159531.1

corporation organized under the laws of the state of Arizona and maintains its principle place of business in that state.

4. Swift denies knowledge and information at this time to respond to the allegations set forth in paragraph "4" of plaintiff's complaint, except admits that it is a common carrier.

5. Swift denies knowledge and information to respond to the allegations set forth in paragraph "5" of plaintiff's complaint.

6. Plaintiff's complaint does not contain a paragraph "6."

7. Denies each and every allegation against Swift contained in paragraph "7 of plaintiff's complaint.

8. Denies each and every allegation against Swift contained in paragraph "8" of plaintiff's complaint.

9. Denies each and every allegation against Swift contained in paragraph "9" of plaintiff's complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

11. Swift repeats and realleges each and every denial and denial of knowledge or information contained in paragraphs 1-10 of this Answer as if fully set forth herein at length.

12. Swift denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twelve of Plaintiff's Complaint, except admits that this action involves a shipment of cargo.

13. Swift denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirteen of plaintiff's complaint.

3159531.1

14. Swift Denies each and every allegation against Swift contained in paragraph "14" of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

15. Swift repeats and realleges each and every denial and denial of knowledge or information contained in paragraphs 1-15 of this Answer as if fully set forth herein at length.

16. Denies each and every allegation against Swift contained in paragraph "16" of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

17. Swift hereby sets forth its separate and distinct defenses to Plaintiff's Complaint. Swift sets forth the following matters to apprise the parties and the Court of certain potentially applicable defenses. By listing any matter as an affirmative defense, Defendant does not assume the burden of proving any matter upon which the Plaintiff bears the burden of proof under applicable law.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18. That the said shipment as described in plaintiff's complaint is subject to all the terms, conditions and exceptions contained in certain bills of lading, by which the shippers and consignees of said bills of lading and terms of service agree to be and are bound.

19. Said shipment was to be transported on an ocean vessel as identified on the respective dock receipt with booking no. 0044CA091360 subject to the contractual terms and conditions of the aforesaid bills of lading.

20. Any shortage, loss and/or damage to the shipment in suit, which Swift specifically denies, was due to causes for which Swift is not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act approved April 16, 1936, and/or Harter Act, and/or the

provisions of the said bills of lading and/or the General Maritime Law and/or applicable foreign law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21. Swift's bill of lading and tariffs have the force of a federal statute and they cannot be varied under any pretext, nor can the carrier lawfully depart from them.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22. If any loss or damage did occur to said cargo, none of said loss or damage was caused or contributed to by any fault or neglect on the part of Swift but from a cause or causes from which it is expressly exempted from the responsibility by the terms and conditions of the bills of lading covering the carriage. Swift claims the benefit of each and every provision contained in said bills of lading and applicable tariffs, including the jurisdiction and limitation of liability provisions, and begs leave to amend this answer and to offer proof thereof when more fully advised of the details concerning said loss or damage.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

23. Upon information of belief, that the venue of this matter is improperly placed in this District pursuant to the forum selection clauses in the applicable bill of lading contracts.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

24. Swift did not itself at any time enter into any contract or other agreement with plaintiff herein and is, therefore, not in any respect obligated to the plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

25. Swift's liability, if any, is limited to $500 per package or customary freight unit pursuant to the Carriage of Goods by Sea Act (COGSA) approved April 16, 1936, and the terms of the applicable bills of lading.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

26. If the cargo was damaged, which is denied, it was not damaged while in the care, custody or control of Swift and/or its agents, employees or representatives.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

27. To the extent that the Carriage of Goods by Sea Act is inapplicable, then any recovery to which Plaintiff may be deemed entitled to is limited pursuant to 49 U.S.C. § 14706.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

28. In the event that liability is established, and to the extent that the Carriage of Goods by Sea Act is inapplicable, the measure of damages to which Plaintiff is entitled to recover is strictly limited $0.60 per pound, pursuant to the terms and conditions set forth in the applicable bill of lading and Swift's tariff provisions in effect at the time of the subject transport, pursuant to 49 U.S.C. § 14706 of the Interstate Commerce Act.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

29. Punitive or exemplary damages are not recoverable against Swift in this cause under the Carriage of Goods by Sea Act, the Carmack Amendment to the Interstate Commerce Act or any other law.

## AS AND FOR A NINTHAFFIRMATIVE DEFENSE

30. Swift is not liable for any pre-existing damage to any of said goods or damage resulting from the inherent vice of the cargo.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

31. Swift is not liable for alleged loss or damage sustained while the cargo was in the care, custody and control of third parties.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

32.   Swift is not liable for alleged loss or damage to property that was neither tendered to it for transportation, nor was in Swift's care, custody or control.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

33.   This suit should be dismissed, or in the alternative, transferred on the basis of *forum non conveniens* and improper venue.

### AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE

34.   Plaintiff is not entitled to the relief sought herein.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

35.   The Plaintiff's Verified Complaint fails to state a cause of action upon which relief should be granted.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

36.   Upon information and belief, that Plaintiff has failed to commence this action with the statute of limitations proscribed by law, thus it is time barred.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

37.   Defendant, Swift, asserts the defenses of laches and waiver.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

38.   Swift, at all relevant times herein acted as agent for disclosed principals known to the plaintiff and, therefore, is not directly obligated in any respect to the plaintiff herein.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

39.   If plaintiff's cargo was damaged in any respect, such damage was caused, in whole or in part, by the inadequate packing, packaging and stuffing of containers by plaintiff or its agent.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

40. Any loss, shortage or damage to the aforementioned shipment, which is denied, was caused by the act or omission of the shipper of the goods or its agents or representatives and accordingly Swift is not liable therefore.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

41. The damage to said cargo, if any, arose or resulted from an act or omission of the shipper or owner of the goods, his agent or representative.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

42. That plaintiff has failed to name a necessary party.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

46. That plaintiff has failed to properly and fully mitigate the damages alleged in its complaint.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

47. Plaintiff is not a real party in interest with regard to the shipment in suit.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

48. The complaint should be dismissed on the basis that plaintiff lacks standing.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

49. Plaintiff has suffered no loss or damage upon which it is entitled to recover.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

50. If the cargo was damaged, which is denied, it was not damaged while in the care, custody or control of Swift and/or its agents, employees or representatives.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

51.   Swift reserves its right to add additional affirmative defenses that may arise during the discovery process.

**WHEREFORE,** Swift prays for the following relief: ordering that the Plaintiff take nothing by way of the Complaint or any of the claims for relief alleged therein; dismissing with prejudice Plaintiff's Complaint; declaring that Swift has no obligation with respect to any claims or parties included in the subject matter of or arising out of the within litigation or any other claims; awarding Swift costs and attorneys' fees incurred in this action to the full extent allowed by law; and awarding Swift such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         March 31, 2008

                              Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: _____
Gregory S. Katz (GK 6584)
Attorneys for Defendant
Swift Transportation Co., Inc.
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000

## CERTIFICATE OF SERVICE

    I, David Rosenthal, hereby certify that I electronically filed the ANSWER and Rule 7.1 Statement on behalf of Defendant, Swift Transportation Co., Inc. with the Clerk of the Court by mail and by using CM/ECF system which will send notification of such filing(s) electronically to the following:

David Mazaroli
11 Park Place, Suite 1214
New York, NY 1007

Cichanowicz, Callan, Keane
Vengrow & Textor, LLP
61 Broadway, Suite 3000
New York, NY 10006

Independent Container Lines
4801 Audobon Drive
Ricmond, VA

Dated: March 31, 2008

                                                                     David Rosenthal (7884)

3159531.1

Gregory S. Katz
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
Attorneys for Defendant, Swift Transportation Co. Inc.
150 East 42nd Street
New York, New York 10017
(212) 490-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HANSA MEYER GLOBAL TRANSPORT
GmbH & Co. KG,
                          Plaintiff,

          -against-

INDEPENDENT CONTAINER LINE LTD; ICL;
EXACTA INTERNATIONAL INC.; SWIFT
TRANSPORTATION CO. INC.,
                          Defendants.
------------------------------------------------------------x

08 01028

**STATEMENT PURSUANT TO RULE 7.1**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and to enable judges and magistrate judges of the court to evaluate possible disqualification or recusal, the undersigned counsel of record for a private (non-governmental) party certifies that the following are corporate parents, subsidiaries, or affiliates of that party which are publicly held.

Swift Transportation Co., Inc. is not a publicly traded company.

Dated: New York, New York
       March 31, 2008

WILSON, ELSER, MOSKOWITZ, EDELMAN
& DICKER LLP

By: _____
    Gregory S. Katz (GK 6584)
    Wilson, Elser, Moskowitz, Edelman
    & Dicker, LLP
    Attorneys for Defendant
    Swift Transportation Co. Inc.
    150 East 42nd Street
    New York, New York 10017
    (212) 490-3000

3159531.1